

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 20, 1963

Honorable Joe D. Carter          Opinion No. C-199
Chairman
Texas Water Commission        Re:  Whether the transporting
P. O. Box 2311                          and sale of ground water
Austin 11, Texas                        from Texas to another
                                                  state by the means and
                                                  for the purpose stated
                                                  can be lawfully prohibit-
Dear Mr. Carter:                       ed and related questions.

Your request for an opinion states that an Oklahoma citizen who owns a tract of land bordering on the Red River adjacent to the City of Vernon's ground water well field from which it supplies its present municipal water requirements is planning to lay a pipe line from wells supplied by fresh percolating ground water underlying his ground in Texas and transport such water through the proposed pipe line across his private property and deliver and sell such water to the City of Altus, Oklahoma for supplying its municipal needs.

Based upon the above facts you have requested that the Attorney General render an opinion as to the following inquiries:

"1.  Within the framework of existing laws of the State of Texas regarding the power of the State or any of its agencies or political subdivisions to control the use of such ground water reserves, is there any basis or means to prevent or prohibit such taking, transporting, or sale of such water outside of the boundaries of the State of Texas by the means and for the purpose proposed?

"2.  If the above question is answered in the affirmative, is the Texas Water Commission the State Agency which should institute or request the institution of such proceedings as would be necessary to halt or prevent the taking, transporting or sale of any such ground water outside of the State of Texas?

"3. If the above question is answered negatively what State Agency or arm of the State Government would be the appropriate State Agency to institute or request the institution of such action?"

It is clear under the authorities that the owner of land is the absolute owner of the soil and of the percolating ground water thereunder. The first case in Texas which recognized this concept was Houston and T. C. Ry. Co. v. East, 98 Tex. 146, 151, 81 S.W. 279 (1904). The Supreme Court in the East case unequivocally adopted the "English" or "Common Law" stated in Acton v. Blundell, 12 Mees. & W. 324, as follows:

"That the person who owns the surface may dig therein, and apply all that is there found to his own purposes, at his free will and pleasure; and that if, in the exercise of such right, he intercepts or drains off the water collected from the underground springs in his neighbors well, this inconvenience to his neighbor falls within the description of damnum absque injuria, which cannot become the ground of an action."

In its latest decision, the Supreme Court in the case of Corpus Christi v. Pleasanton, 154 Tex. 289, 276 S.W.2d 798, 782 (1955), stated that under the Common Law, adopted in the East case, underground waters which are captured by the owner of the land from wells on his land may be used for any reasonable and beneficial purposes either on the land or off the land and the owner "could likewise sell it to others for use off of the land and outside of the basin where produced, just as he could sell any other species of property. We know of no Common Law limitation of the means of transporting the water to the place of use. Neither do we know of any judicial modification in this State of the rule of the East case."

We find no constitutional or statutory provision limiting the use of ground water produced in Texas to the territorial limits of the State.

Under the cited authorities it is apparent that the point of ultimate consumption of use of the water is immaterial as long as it is put to a beneficial use. Therefore, the answer to your first and third inquiries must be in the negative. Since your first question is answered in the negative, your other questions need not be answered.

## S U M M A R Y

Since the owner of the land is the absolute owner of the percolating waters thereunder and may make any beneficial use of such waters he desires, the transporting, and sale of ground water from Texas to another state is not prohibited under the present law.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

Joseph Trimble
Assistant Attorney General

JT:sc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

F. R. Booth
Jack Norwood
James Strock
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  H. Grady Chandler